**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| **BERTIN SUAREZ PALMA**<br>803 Good Harbor Rd<br>Annapolis, MD 21401<br><br>**Plaintiff,**<br><br>v.<br><br>**DEAN HOME IMPROVEMENT LLC**<br>508 Duval Ln<br>Annapolis, Maryland 21403<br><br>Serve: ROBERT M. DEAN<br>508 Duval LN<br>Annapolis, Maryland 21403<br><br>**ROBERT M DEAN**<br>508 Duval LN<br>Annapolis, Maryland 21403<br><br>**Defendants.** | CASE NO.<br><br>**Complaint for Unpaid Wages** |

**COMPLAINT FOR UNPAID WAGES**

1. Plaintiff Bertin Suarez Palmer ("Plaintiff") brings this action against his former employers, Dean Homer Improvement LLC ("Dean Home") and Robert M. Dean ("Mr. Robert") (collectively, "Defendants").

2. At all relevant times, Plaintiff performed work as a construction laborer in residential construction and remodeling of houses in Anne Arundel County (the "Projects"). However, Defendants failed to pay Plaintiff the required prevailing wage and fringe benefits rates for his work on the Projects as a construction laborer. In addition, Defendants shorted Plaintiff of the required overtime wage rates for his time worked over 40 hours in a week and misclassified him as an independent contractor, even though they controlled all aspects of his work, such as setting his schedules, assigning his tasks, and requiring him to follow their policies.

3. Both federal and State law require employers to pay overtime rates to employees when they work more than 40 hours in a workweek, properly classify employees, pay employees for all time worked, and pay prevailing wage rates where required. Defendants flouted these laws, seeking to maximize profits by falsely treating Plaintiff as an independent contractor and depriving him of the wages he was legally entitled to receive.

4. Dean Home and Mr. Robert knowingly violated applicable wage-and-hour laws by: (a) not paying Plaintiff overtime wages required by federal and State law; (b) misclassifying Plaintiff as an independent contractor; (c) not paying Plaintiff prevailing wages required by Maryland law; and (d) not compensating Plaintiff for all time worked.

5. Plaintiff seeks to recover unpaid wages and overtime compensation, damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the Maryland Workplace Fraud Act, Md. Code, Lab. & Empl. §§ 3-901 *et seq.* ("MWFA"); the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. §§ 3- 401 *et seq.* ("MWHL"); and the Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. §§ 3-501 *et seq.* ("MWPCL").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 216(b) and 28 U.S.C. §§ 1331 because this is a civil action arising under the FLSA.

7. This Court has supplemental jurisdiction over Plaintiff's claims arising under the Maryland Wage Laws pursuant to 28 U.S.C. § 1367(a) and Article III, Section 2 of the United States Constitution because Plaintiff's state-law claims are so closely related to his claims under the FLSA that they form part of the same case or controversy.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

9. Plaintiff Bertin Suarez is a resident of the State of Maryland. He performed trade construction labor work on the Projects from approximately February 12, 2022, through approximately October 10, 2022, as an employee of Defendants.

10. Defendant Dean Home is a limited liability company organized under the laws of the State of Maryland with its headquarters and principal place of business located at 508 Duval LN Annapolis, Maryland 21403. Dean Home was Plaintiff's "employer" as that term is defined within the FLSA, the MWHL and the MWPCL because, through its agents, owners, managers and officers, it employed the Plaintiff directly, it hired him and it set his rate of pay, it set the terms and conditions of his employment, it set his schedule of work hours and work days, it directed him in the performance of his work, it assigned his work, it maintained his employment records, it paid his wages and it committed the violations of the FLSA, the MWHL and the MWPCL by failing to pay him an overtime premium for his overtime hours and by failing to pay him the full piece rate wages that it promised to pay.

11. At all relevant times, Dean Home has been an enterprise engaged in commerce or the production of goods and/or handling, selling, or otherwise working on goods or materials that have been moved or produced in commerce and was an employer within the meaning of the applicable Maryland Wage Laws.

12. Dean Home constitutes an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as it had: (1) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

13. Robert is currently the President and owner of DHI. He is an employer of Plaintiff within the meaning of the FLSA, the MWHL, and the MWPCL because: (1) he is a manager, an owner, and officer Dean Home, who is significantly involved in Dean Home's business operations; (2) he is responsible for creating and enforcing Dean Home's policies and procedures governing employee pay, hours of work, and the rates and manner of pay, (3) he had the authority to both hire and fire Plaintiff and he interviewed him for the position and made the decision to hire him, (4) he set and approved Plaintiff's rate and manner of pay and established and/or approved his seven-day per week work schedule, (5) he controlled the corporate funds which were used to pay Plaintiff and other employees and he could and did allocate funds as profits for his own benefit, (6) he made or approved the decision to engage in the illegal pay practices (primarily failing to pay Plaintiff an overtime premium for his overtime hours) in order to make SHA more profitable; (7) he maintained Plaintiff's employment records at Dean Home's corporate office, which is located in his home, (8) he made the decision not to make withholdings from the payments made to Plaintiff and others and, for those payments, not to provide Plaintiff with accurate pay stubs as to the amount or basis for withholdings, as required by Md. Code Ann., Labor & Employment § 3-504, and (9) he scheduled Plaintiff to work more than 40 hours per week.

## FACTUAL BACKGROUND

14. The term "*relevant period"* shall be from the first day of Plaintiff's employment to his last day of employment on October 28, 2022.

15. Upon information and belief, the value of the Projects is greater than $500,000.

16. The construction laborer work that Plaintiff performed on the Projects was subject to the prevailing wage rates issued for it by the Maryland Department of Labor.

17. Defendants did not pay Plaintiff the prevailing wages, including the benefits or fringe wages, to which he was entitled for his work on the Projects.

18. Dean Home and Mr. Robert, individually and/or jointly, controlled all aspects of Plaintiff's work. For example, Mr. Robert, set Plaintiff's work hours on the Projects, assigned Plaintiff's daily work tasks, inspected Plaintiff's work, and supervised the jobsite.

19. Plaintiff did not have any federal or State tax withholdings taken from his wages, nor were any deductions made for other benefits such as Social Security and/or Medicare.

20. Plaintiff was not an independent contractor because he (a) was not engaged in any independent businesses; (b) performed work activities that were within and integral to Dean Home's usual course of business of providing construction services; and (c) had no written contract with Dean Home's that comported with the requirements of the MWFA.

21. Defendants either directly controlled Plaintiff's work, including by setting his schedule on the Projects, assigning him work tasks, setting Plaintiff's hours and schedules, and requiring him to follow their policies.

22. Dean Home maintained a policy of paying straight time for overtime hours worked on the Projects. On the occasions that Plaintiff worked over 40 hours in a workweek, Dean Home only paid him the straight-time rate for such hours exceeding 40, and not the required time-and-one-half overtime rate.

23. Plaintiff had a regular work schedule from 7:00 am to 6:00 pm Monday through Sunday, with an unpaid lunch break of 20–30 minutes.

24. When Plaintiff took less than the full 30-minute lunch break, Dean Home still deducted the full 30-minute period from hid hourly wages.

25. Defendants paid Plaintiff a wage rate of $25 per hour.

26. Plaintiff is not able to calculate his damages because he is not in possession of all pertinent records which are in possession of the Defendants.

## COUNT I
### FLSA Overtime Compensation, 29 U.S.C. § 207(a)

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

28. Defendants did not pay Plaintiff the time-and-one-half overtime rate required for all hours worked in excess of 40 per workweek, pursuant to 29 U.S.C. § 207(a).

29. Section 7(a) of the FLSA required Defendants to pay Plaintiff time-and-one-half overtime compensation for his hours worked in excess of 40 per workweek, including for time improperly deducted for the purported meal breaks and for wages improperly deducted without written authorization. 29 U.S.C. § 207(a).

30. Defendants maintained a policy against paying employees who perform construction work on the Projects overtime for hours worked in excess of 40 per workweek.

31. Defendants violated the requirements of the FLSA by failing to pay Plaintiff at the rate of time-and-one-half for all hours worked in excess of 40 in a workweek.

32. Defendants' actions were willful, as evidenced by its intentional misclassification of Plaintiff as an independent contractor despite controlling all aspects of his work and failure to pay Plaintiff all wages due, including overtime for when he worked more than 40 hours in a workweek, when they knew, or should have known, that such was due.

33. At all times material hereto, Defendants failed to maintain proper time and payroll records as required by Section 211(c) of the FLSA.

34. As a result of Defendants' intentional, willful, and unlawful acts, they are jointly and severally liable to Plaintiff for all unpaid overtime wages, plus an additional equal amount as liquidated damages, pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Violation of the MWFA, Md. Code, Lab. & Empl., §§ 3-901 *et seq.*

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

36. At all relevant times, Defendants were "employers" of Plaintiff within the meaning of Section 3-901 of the MWFA and Plaintiff was employed by Defendants for "construction services" within the meaning of Section 3-903 of the MWFA.

37. Section 3-903 of the MWFA prohibits employers from misclassifying employees who perform construction work as independent contractors.

38. Defendants violated the MWFA by knowingly and willfully misclassifying Plaintiff as an independent contractor instead of an employee, failing to deduct taxes from Plaintiff's paycheck, even though they controlled his construction work on the Projects.

39. As a result of Defendants' misclassification, Plaintiff did not receive the applicable prevailing wage rates, overtime pay, or other benefits and protections to which he was entitled.

40. Defendants are liable to Plaintiff for unpaid wages, interest, attorneys' fees and costs, and such other and further relief this Court deems appropriate.

## COUNT III
### MWHL Overtime Provision, Md. Code, Lab. & Empl. §§ 3-401 *et seq.*

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

42. Plaintiff was an employee within the meaning of the MWHL and entitled to the protections of the MWHL and Defendants were Plaintiff's employers, covered by the MWHL and required to comply with its overtime provisions.

43. The MWHL entitles employees to minimum hourly pay of at least one-and-a-half times the usual hourly wage for hours worked in excess of 40 per workweek.

44. Defendants failed to pay Plaintiff one-and-a-half times his regular hourly wage for hours worked in excess of 40 in any one work week.

45. Defendants violated the MWHL's overtime provision.

46. Defendants acted willfully and/or with reckless disregard of clearly applicable MWHL provisions, as evidenced by the failure to pay Plaintiff all wages due, including overtime for when he worked more than 40 hours in a workweek, when Defendants knew, or should have known, that such was due.

47. Defendants are liable to Plaintiff for all unpaid overtime wages, plus liquidated damages, interest, attorneys' fees and costs, any such other relief this Court deems appropriate.

## COUNT IV
### MWPCL, Md. Code, Lab. & Empl. §§ 3-501 *et seq.*

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

49. Plaintiff was an employee and Defendants were employers within the meaning of the MWPCL, such that Plaintiff was entitled to its protections.

50. Maryland law requires Defendants to pay Plaintiff the greater of (a) the wages he was promised, (b) the "prevailing wage rate" required by state or county law, or (c) for qualifying hours, the overtime rate required pursuant to State and federal law.

51. Defendants failed or refused to timely pay Plaintiff all wages due and his required wage rate for all hours he worked.

52. Defendants violated the MWPCL willfully, intentionally, and in bad faith.

53. Pursuant to Section 3-507.1 of the MWPCL, Defendants are liable to Plaintiff for three times his unpaid wages, interest, attorneys' fees, costs, and any such other relief this Court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following reliefs:

a) enter a judgment against Defendants under the FLSA, jointly and severally, and in favor of Plaintiff in the amount of his unpaid wages plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216 (b);

b) enter a judgment against Defendants under the MWHL, jointly and severally, and in favor of Plaintiff, in the amount of Plaintiff's unpaid wages, along with an equivalent sum as liquidated damages;

c) enter a judgment against Defendants under the MWPCL, jointly and severally, and in favor of Plaintiff, in the amount of Plaintiff's unpaid wages and an equivalent sum equal to two times the unpaid wages, as liquidated damages; and

d) enter judgment for the Plaintiff and/or his counsel and against Defendants, jointly and severally, in the amount of Plaintiff's costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2.

Dated: April 8, 2024                                Respectfully submitted,

/s/ Ben Akech
Ben Akech (MD Bar# 22357)
The Law Office of Ben Akech, LLC
10770 Columbia Pike Suite 300
Silver Spring, MD 20901
Tel: (301) 244-0676
Fax: (301) 363-1353
Email: ben@akechlaw.com

*Counsel for Plaintiff*